IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HUBERT LINN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. CIV-05-1514-T |
| ) | |
| RANDALL G. WORKMAN, WARDEN, ) | |
| ) | |
| Respondent. ) | |

O R D E R

In this action petitioner, a state prisoner appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. The matter was referred to Magistrate Judge Valerie K. Couch for initial proceedings in accordance with 28 U.S.C. §636(b)(1)(B).

As required by Rule 4 of the Rules Governing Section 2254 Cases, the magistrate judge was obligated to review the petition promptly and determine if it plainly appears from the face of the petition and any exhibits thereto that petitioner is not entitled to relief. On February 16, 2006, the magistrate judge filed a Report and Recommendation [Doc. No. 11] in which she recommended that, based on the required Rule 4 review, the petition be dismissed because it reflects that it was not timely filed. Because petitioner timely objected to the Report and Recommendation, the matter is reviewed *de novo*.

Petitioner was convicted on April 3, 1996 on two counts of lewd molestation after a former conviction of a felony; he was sentenced to two consecutive 500 year terms of imprisonment. He appealed, but the Oklahoma Court of Criminal Appeals ("OCCA")affirmed the conviction on July 11, 1997. The conviction became final 90 days later, when the time for seeking certiorari review expired. Therefore, his conviction became final on October 9, 1997. On October 26, 2004,

petitioner filed an application for post-conviction relief in the state district court; the application was denied on August 24, 2005, and the OCCA affirmed that denial on November 17, 2005. This action was filed on December 28, 2005.

Pursuant to statute, a petition for federal habeas relief must be filed no later than one year after the challenged conviction became final. 28 U. S. C. § 2244(d)(1)(A). The one-year limitations period is tolled for the time during which a properly filed application for State post-conviction relief is pending. 28 U. S. C. § 2244(d)(2).

Because petitioner's conviction became final on October 9, 1997 he had until October 9, 1998 in which to seek federal habeas relief. 28 U. S. C. § 2244(d); United States v. Hurst. 322 F.3d 1256 (10th Cir. 2003). Although petitioner contends that his action is not governed by this deadline because the statute setting the one-year limitations period was not enacted at the time of his conviction, that contention is erroneous because the statute applies to all federal habeas actions filed after its 1996 enactment. *See, e.g.,* Mitchell v. Gibson, 262 F.3d 1036, 1045 (10th Cir. 2001). Because petitioner's habeas action was not filed until more than six years after his conviction became final, it is untimely unless it is extended by statutory or equitable tolling.

Because petitioner filed a post-conviction application, the statute of limitations was statutorily tolled during time period in which the application was pending. 28 U. S. C. § 2244(d)(2). In this case, however, petitioner did not seek post-conviction relief until October 26, 2004, more than six years afer the limitations period had expired. Therefore, statutory tolling is inapplicable. Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

As the magistrate judge noted in the Report and Recommendation, in some "rare and exceptional circumstances," the limitations may be equitably tolled. Burger v. Scott, 317 F.3d 1133,

1141 (10th Cir. 2003). In the Report and Recommendation, the magistrate judge discussed several allegations which arguably could form the basis for an equitable tolling claim. *See* pages 5-7 of the Report and Recommendation. She concluded, however, that petitioner has failed to present argument sufficient to conclude that this case presents one of the rare and exceptional circumstances in which equitable tolling is appropriate. Having thoroughly reviewed the file, the court agrees with that conclusion.

In his objections to the Report and Recommendation, petitioner does not offer persuasive argument or authority to compel the court to determine that equitable tolling should apply. His arguments are directed at the substance of his claims rather than at the timeliness of his petition.

Therefore, having reviewed the matter *de novo*, the court concludes that the magistrate judge correctly determined that the petition should be dismissed upon filing as untimely. The Report and Recommendation [Doc. No. 11] is adopted, and this action is dismissed as time-barred.

IT IS SO ORDERED this   13th   day of March, 2006.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE